## EXTRADITION PAPERS VOID WHEN SIGNED IN BLANK.

Common Pleas Court of Hamilton County.

IN RE LEMUEL F. CRAIG.

Decided, August 8, 1908.

*Fugitive from Justice—Extradition of—Papers Having Reference to, Must be Examined by the Governor Personally—Power to Issue Warrant can not be Delegated—Sections 95, 96 and 97—Habeas Corpus—Criminal Law.*

When a warrant of extradition is signed by the Governor in blank and is afterward filled out by his secretary writing therein the name of some accused person, it is a nullity; but the Governor may issue a valid warrant on the same paper.

*Scott Bonham,* for petitioner.

*John H. Russe,* Prosecuting Attorney for Dearborn County, Indiana, *contra.*

SWING, J.

This matter comes before me upon what purports to be an extradition warrant by the Governor of this state and upon writ of habeas corpus.

Demand was made upon the Governor of Ohio by the Governor of Indiana for the arrest of Lemuel F. Craig and that he be delivered to the Indiana authorities upon a charge made against him in that state of false pretenses, etc., and a warrant purporting to be an extradition warrant signed and issued by the Governor of this state is presented to me.

Lemuel F. Craig was arrested upon the said warrant of extradition and brought before me as a judge of the common pleas court, according to the statute in such case, and made application for a writ of habeas corpus, alleging that he was unlawfully detained and setting forth various grounds for his claim.

I have heard the matter of the extradition and the habeas corpus upon the evidence and the arguments of counsel.

Without going into all the questions raised, I find and hold that the various contentions of counsel for Lemuel F. Craig are not well taken except as to the validity of the warrant of extradition.

It was shown in the evidence by a deposition of a secretary in the office of the Governor of this state, and is not controverted, that the Governor signed certain warrants of extradition in blank, and that in his absence application was made for a warrant of extradition for Lemuel F. Craig, and that a warrant so signed by the Governor in blank was filled in by secretary in his office with the name of Lemuel F. Craig and the other statements necessary for the filling of the blanks, and that the Governor himself did not grant and issue the warrant of extradition.

It is claimed by counsel for Craig that the said warrant of extradition is invalid.

I need not set forth the provisions of the Constitution of the United States and of the state of Ohio as to extradition.

The statute of Ohio on that subject enacted in accordance with the provisions of the Constitutions of the United States and of the state of Ohio, R. S. O., Section 95, provides as follows:

"The Governor in any case authorized by the Constitution of the United States may on demand deliver over to the executive authority of any other state or territory any person charged therein with treason, felony or other crime committed therein," etc.

It is further provided by said Section 95 that:

"The demand or application [for the delivery of the person] must be accompanied by sworn evidence that the party charged is a fugitive from justice and that the demand or application is made in good faith for the punishment of crime, and not for the purpose of collecting a debt or pecuniary mulct or of removing

the alleged fugitive to a foreign jurisdiction with a view there to serve him with civil process; and also by a duly attested copy of an indictment or an information, or a duly attested copy of a complaint made before a court or magistrate authorized to take the same, such complaint to be accompanied by an affidavit or affidavits to the facts constituting the offense charged by persons having actual knowledge thereof; the same shall also be accompanied by a statement in writing from the prosecuting attorney of the proper county who shall briefly set forth all the facts of the case, the reputation of the party or parties asking such requisition, and whether in his opinion such requisition is sought from improper motives or in good faith to enforce the criminal laws of Ohio, and such further evidence in support thereof as the Governor may require."

Section 96, R. S. O., provides as follows:

"When such· demand or application is made the Attorney-General or the prosecuting attorney of any county shall if the Governor requires it forthwith investigate the grounds thereof and report to the Governor all the material facts which may come to his knowledge with an abstract of the evidence in the case," etc., "with an opinion as to the legality and necessity of complying with the demand or application."

In Section 97, R. S. O., it is provided that, "if the Governor decides that it is proper to comply with the demand he shall issue a warrant," etc., and it is provided that the accused shall be brought before a judge of the Supreme Court or of a circuit court or a common pleas court for examination upon the charge.

The provisions of the statute would seem clearly upon the face of them to impose upon the Governor personally the power and duty of granting and issuing extradition warrants.

Authority is not wanting upon the subject. In the year 1892 Judge Moses F. Wilson, then a judge of the Court of Common Pleas of Hamilton County, in the Going extradition case held that:

. "A warrant which had been signed by the Governor in blank, and which was afterwards in his absence filled out by his secretary, was invalid." ·

See editorial on this decision, in *Weekly Law Bulletin*, Vol. 28, 1892, p. 133.

The editorial in *Weekly Law Bulletin* further says:

"The question was involved in the case of *Ex parte Larney* and decided by the Supreme Court December 6, 1881 (see 6th *Weekly Law Bulletin*, 759, 797). That case was decided without report, but several lawyers of Cincinnati who were interested in the case wrote to the court asking on what grounds the court had decided the case. Judge Okey, the then Chief Justice of the Supreme Court, in his answer stated the points of the decision as follows:

"1. 'When the Governor signs a warrant for extradition in blank it is a nullity, and he may issue a valid warrant on the same paper.' "

And then in the letter follow other points that were decided.

In *Weekly Law Bulletin*, Vol. 38, 1897, p. 85, there is another and interesting editorial on the subject to which attention has been called by counsel, reviewing the record in the Larney case and reaching the conclusion that the question of the validity of an extradition warrant signed in blank by the Governor and filled out afterward by a secretary in the Governor's absence was not really involved in that case.

The record as published, may, if not carefully read, indicate that the question was not necessarily involved, but it does recite that Judge F. W. Moore had held "the warrant to be invalid upon information deemed reliable that it was issued when the Governor was not present at his office," and that Larney had been ordered to be rearrested, etc., and he was rearrested upon a second warrant.

But whether the question was necessarily involved in the Larney case or not, it is quite clear that Judge Okey in his letter in relation to the case understood that it was, and that the question had been decided, and understood the law to be as he states, that "when the Governor signs a warrant for extradition in blank it is a nullity."

It may be further said, however, that the question did arise as shown by the Larney case, in this way, to-wit, the record shows that one of the grounds of attack upon the second arrest under another extradition warrant was "as to the regularity of the proceedings."

I have no doubt that the question arose as to whether the second arrest under a second warrant of extradition, the first having been held invalid because signed by the Governor in blank, was regular. The court held that it was regular, and it is in that connection, I have no doubt, that Judge Okey wrote, "when the Governor signs a warrant for extradition in blank it is a nullity *and he may issue a valid warrant on the same paper.*"

It appears clear, therefore, that the question was before the Supreme Court and was passed upon, and I can not assume, as the editor in the article in the *38th Weekly Law Bulletin* seems to assume, that Judge Okey did not correctly understand what was involved in the Larney case, and what was decided and what the law was when he wrote the letter quoted. In *Weekly Law Bulletin,* Vol. 28.

In the case of *Work* v. *Corrington,* 34 O. S., 64, Judge Okey, writing the opinion, sets forth very fully the grounds upon which it would seem that the law must be held to be that a warrant for extradition signed by the Governor in blank is invalid.

In that opinion, in which all the judges of our Supreme Court concur, the nature of the power and duty of the Governor in such a case is ably discussed. The question in that case was as to the power of the Governor to revoke an extradition warrant issued by his predecessor in office, but the discussion as to powers and duties of the Governor in extradition matters is very instructive. It is said, quoting from *Commonwealth of Kentucky* v. *Dennison,* 24 Howard (U. S.), 66: "In such cases the Governor *acts in his official character and represents the sovereignty of the state.*" It is also said, quoting from *Taylor* v. *Taintor,* 16 Wall., 366, that the Governor "is vested with discretion to withhold the warrant," and a number of instances are mentioned and discussed, and it is said on page 75:

"The duty of the Governor in cases of that class [referring to a certain class of cases], therefore, is one of great delicacy."

In the opinion it is repeatedly stated that the Governor has it in his power and it is often his duty to exercise "his discretion."

In the case of *In re Tod,* 12 S. D. Rep. (1899-1900), p. 386, it is said in the syllabus:

"The duty of examining extradition papers, passing on their validity and issuing his warrant devolves upon the Governor personally, and the power can not be delegated."

It is said in the opinion, page 396, "it was also shown on the hearing that the warrant purporting to be signed by the executive of this state was never in fact issued by him, but was issued by some person other than the Governor. The duty of examining requisition papers, passing upon their validity and issuing his warrant devolves upon the Governor personally. It is a power that can not be delegated to any other person. The liberty of the citizen is involved, and he can only be restrained of that liberty by the personal act of the Governor upon whom the power has been conferred by the Constitution and laws of the United States and the Constitution and laws of this state. The execution of the power requires examination of the requisition papers and involves the exercise of a sound judgment aided in case of necessity by the advice of the Attorney-General of the state. The liberty of the citizen would be in great danger if any person could be allowed to issue such extradition warrants in the absence of the executive."

Other authorities bearing directly and indirectly upon the question might be cited but it would seem to be unnecessary.

I am reluctant to discharge the prisoner in this case. In holding the warrant invalid I do not mean the slightest criticism upon any practice that may prevail in the Governor's office, and which may be a wise practice in general. The validity of a Governor's warrant is not often questioned on the ground raised in this case for the reason that, as held by Judge Okey, a new warrant can be readily obtained. Whatever practice may prevail is doubtless quite reasonable under all the circumstances that exist, but when the question of the validity of a warrant signed in blank by the Governor and filled in by a secretary in his absence, is clearly raised before me and the facts are shown conclusively, I can only decide according to what I understand to be the law in such case.